**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DALEQUINTUS DUJUAN DUHART,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:16-cv-01441-TWT** |
| **v.** | : | |
| | : | **[Magistrate Judge Baverman]** |
| **STATE OF GEORGIA and UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

This matter is currently before the Court on submission of the Court's Order of July 15, 2016, directing Plaintiff to file an amended application to proceed *in forma pauperis* ("IFP") and to amend his complaint.  [Doc. 2].  For the reasons below, the undersigned **RECOMMENDS** that this action be **DISMISSED** for Plaintiff's failure to comply with a lawful order of the Court.

On May 3, 2016, Plaintiff filed an IFP application together with a proposed complaint.  [Doc. 1].  Plaintiff's application was at a minimum incomplete, and therefore the Court was unable to determine whether Plaintiff qualified for IFP treatment.  Accordingly, on July 15, 2016, the Court ordered Plaintiff to either (1) file

a separate, sworn affidavit in support of his request to proceed IFP and answer truthfully *all* questions posed about his or her assets, liabilities, income or expenses, or (2) pay the full filing fee within twenty-one (21) days of the Court's Order. [Doc. 2 at 4]. In addition, expecting Plaintiff to comply with the order by filing an amended IFP application, the Court also directed Plaintiff to file an amended complaint so that the Court could conduct the mandatory frivolity review of an indigent's complaint, pursuant to 28 U.S.C. § 1915(e). [Doc. 2 at 7-8]. Finally, the Court warned Plaintiff that failure to comply with the terms of Order to file an amended IFP application would result in a recommendation to the District Court to dismiss the action. [*Id.* at 8]. That same day, the Clerk of Court certified that the Order had been mailed to Plaintiff at the address provided on his proposed summons. [*See* Dkt. Entry 07/15/2016].

Plaintiff did not amend his IFP application or pay the filing fee within the court-ordered deadline, nor did he file an amended complaint. (*See* Dkt.).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** because Plaintiff failed to comply with a lawful order of the Court. *See* N.D. Ga. R. 41.3(A)(2) ("[T]he court may . . . dismiss a civil case for want of prosecution if: . . . (2) . . . [a] plaintiff . . . fail[s] or refuses[s] to obey a lawful or of the

2

AO 72A
(Rev.8/8
2)

court. . . ."); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); *Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802 (11th Cir. Nov. 15, 2006) (per curiam) ("The district court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.  The court may dismiss an action sua sponte under Rule 41(b) [of the Federal Rules of Civil Procedure] for failure to prosecute or failure to obey a court order." (internal citations and quotation marks omitted)); *McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court).

*Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).  "Dismissal is generally not an abuse of discretion

3

when the litigant has been forewarned." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same). Since the Court expressly warned Plaintiff that failure to file an amended IFP application would result in a recommendation of dismissal, Plaintiff was forewarned that his inaction would likely result in dismissal.

Moreover, as to his failure to file an amended complaint, it is true that the Court's prior order did not expressly advise Plaintiff that if he did not amend his complaint would be dismissed. Still, the Eleventh Circuit has stated "that district courts [should] not dismiss a complaint with prejudice without first giving the [*pro se*] plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim." *See Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. June 12, 2009). Consequently, the undersigned ordered Plaintiff to file an amended complaint, in addition to an amended IFP application, within twenty-one (21) days after entry of the Court's Order. Plaintiff did not filed an amended complaint. Despite Plaintiff's *pro se* status, he has already been given an opportunity to try and present a cognizable claim by following the Court's explicit instructions, and he has failed to do so. As a result, the undersigned **RECOMMENDS** that the matter be **DISMISSED** for failure to file an amended complaint as directed.

4

The question remains whether dismissal should be with or without prejudice. Because dismissal with prejudice is such an extreme sanction, the Eleventh Circuit has directed lower courts that this sanction "may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)) (emphasis in original).  Of course, the Local Rules provide that the Court "may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall . . . fail or refuse to obey a lawful order of the court in the case."  N.D. Ga. R. 41.3(A)(2); *see also Medrano v. American Home Mortg. Servicing*, No. 1:09-CV1003-BBM, 2009 WL 2486313, at *2 (N.D. Ga. Aug.12, 2009) (dismissing case with prejudice where plaintiff failed to comply with court order after being warned of possible dismissal); *see also* N.D. Ga. R. 41.3(B) ("In accordance with the provisions of Fed. R. Civ. P. 41(b), a dismissal for want of prosecution operates as an adjudication upon the merits. . . ."); *Cordner v. Specialized Loan Servicing, LLC*, No. 1:15-CV-2090-TWT-JFK, 2016 WL 3675557, at *2 n.6

5

(N.D. Ga. June 7, 2016) (R&R), *adopted by* 2016 WL 3634722 (N.D. Ga. July 7, 2016).

The Court **RECOMMENDS** that dismissal be **WITH PREJUDICE**. First, the Court concludes that Plaintiff's failure to amend either his IFP application or complaint constitutes willful conduct. Plaintiff did not respond to the Court's July 15 Order with an explanation that he is as destitute as he portrayed in his initial IFP affidavit, nor did he attempt at all to comply with the detailed instructions the Court set out in the Order explaining how Plaintiff should plead his amended complaint. Many *pro se* plaintiffs in Plaintiff's situation at least try to comply or seek more time; Plaintiff merely ignored the Order.

Second, the Court has considered lesser sanctions. It could have recommended dismissal with prejudice but that is the default remedy when dismissing a *pro se* plaintiff's initial defective pleading, thereby granting an opportunity to file an amended complaint. Here, the Court already determined that Plaintiff's initial complaint was woefully defective and gave Plaintiff an opportunity to amend, which Plaintiff ignored. The Court also considered monetary sanctions, but given Plaintiff's apparent impecunity, despite the inadequate IFP application, such a sanction would have little if no effect in inducing compliance with lawful orders of the Court.

AO 72A
(Rev.8/8
2)

Therefore, for all of the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint, [Doc. 1], be **DISMISSED WITH PREJUDICE** pursuant to N.D. Ga. R. 41.3(A), (B).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 25th day of August, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

7